1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| NONI GOTTI, | CASE NO. 08CV2037-MMA (BLM) |
|---|---|
| Plaintiff, | **ORDER REMANDING ACTION TO STATE COURT** |
| vs. | |
| VERNA L DISNEY; VALLE AYAKO DBA SHIMAKI TAILORING; LYDIA HAIR SALON; and DOES 1 THROUGH 10, Inclusive, | |
| Defendants. | |

## BACKGROUND

On September 12, 2008, Plaintiff Noni Gotti filed the above-entitled action in San Diego County Superior Court alleging various causes of action under the American with Disabilities Act ("ADA") and various state statutes. [Doc. No. 1] at 8–20. On November 3, 2008, Defendants Valle Ayako and Lydia Hair Salon removed the action to Federal Court on the basis that the case involved a federal question and the Court had supplemental jurisdiction over the various state law claims pursuant to 28 U.S.C § 1367. [Doc. No. 1] at 3:2–8. On November 4, 2008, Plaintiff

1 voluntarily dismissed all of her federal claims. [Doc. No. 2].

## **LEGAL STANDARD & ANALYSIS**

It is well established that a federal court cannot reach the merits of any dispute until it confirms that it has jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). Thus, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (superceded on other grounds).

In a removal action, a district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction or when the notice of removal contains plain jurisdictional defects. *See* 28 U.S.C. § 1447 *et seq*. The party seeking to invoke removal jurisdiction bears the burden of supporting its jurisdictional allegations with competent proof. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

The court's removal jurisdiction must be analyzed on the basis of the pleadings at the time of removal. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th Cir. 1998). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). District courts must construe the removal statutes strictly *against* removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Gaus*, 980 F.2d at 566.

Here, Defendant's only basis for removing the action to state court was the Court's subject matter jurisdiction based on a federal question, Plaintiff's ADA claims. Plaintiff, however, voluntarily dismissed all of the federal claims immediately after removal. Thus, the remaining claims are all based on state law. A court may decline to exercise supplemental jurisdiction over state law claims and *sua sponte* remand a case if no independent basis for subject matter jurisdiction exists after the dismissal of the federal claims. 28 U.S.C. § 1367(c)(3); 28 U.S.C. §

1447(c); *Osborn v. Haley*, 549 U.S. 225, 245 (2007) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988)). Because the federal claims were dismissed from this case immediately upon its removal, the Court declines to exercise supplemental jurisdiction over the state law claims in this case.

Accordingly, the case is *sua sponte* **REMANDED** to San Diego County Superior Court for such other and further proceedings as that court deems proper. The Clerk shall close the file and send the necessary materials to the San Diego County Superior Court for the remand.

**IT IS SO ORDERED**.

DATED: March 6, 2009

Hon. Michael M. Anello
United States District Judge